McCORD, Judge.
Appellant, James Lloyd Sparks, pled guilty to robbery. He appeals the judgment and sentence contending the court erred in accepting his guilty plea because the factual basis therefor established at the time the plea was entered revealed that he *551 did not carry the firearm used in the robbery and did not go into the gift shop which was robbed while the robbery was taking place; that the factual basis for the plea did not show that he committed the robbery or aided and abetted in its commission.
When the plea was taken, the court asked appellant to give the facts and he stated, “I robbed Cook’s Gift Shop.” His attorney then asked him to tell the court some of the circumstances and he related that he had been traveling around from place to place looking for a job and had arrived in Panama City; that he and one Harris needed some money and didn’t have a place to stay so “we just went in and robbed the place.” On further questioning he stated that he did not go in the store; that Harris had a pistol and Harris went in with the pistol; that he received money from the robber; that “about ten minutes later they caught us at the Pancake House eating.”
Appellant contends that the information to which he pled guilty charged him with taking a .32 caliber pistol into Cook’s Gift Shop, placing Barbara Meeks in fear, and taking $200 from her custody, while the factual basis established at the time of his plea revealed that he did not carry the firearm and that he did not go into the gift shop while the robbery was being committed. This contention is without merit as it makes no difference that there may have been a variance between the charge of the information and the factual basis if the factual basis is sufficient to show that appellant aided or abetted in the commission of the robbery described in the information. § 776.011, Fla.Stat. (1973), states as follows:
“Principal in first degree. — Whoever commits any criminal offense against the state, whether felony or misdemeanor, or aids, abets, counsels, hires, or otherwise procures such offense to be committed, is a principal in the first degree and may be charged, convicted and punished as such, whether he is or is not actually or constructively present at the commission of such offense.”
The factual basis which was established clearly shows that appellant and Harris were together outside the shop; that Harris went in with a pistol and robbed the shop while appellant remained outside; that the two then divided the money and went to the Pancake House where they were apprehended. Appellant finds comfort in the recent opinion of the Supreme Court of the United States in Henderson v. Morgan, - U.S. -, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976). There the Supreme Court ruled that where neither defense counsel nor the trial court explained to the defendant that an intent to cause the death of his victim was an element of the offense of second-degree murder and the defendant made no factual statement or admission necessarily implying that he had such intent, his plea of guilty to a charge of second-degree murder was involuntary; and, in view of the defendant’s unusually low mental capacity, raising the possibility that the homicide was manslaughter rather than murder, the error was not harmless. In the case sub judice, however, appellant’s admissions contained sufficient factual basis that he aided and abetted in the robbery. From his statement, it appears that he knew that his companion was going in the shop with a pistol and rob it while he remained outside. It is a reasonable assumption from his statements that he counseled the robbery and remained outside as a lookout as he stated at one point, “I robbed Cook’s Gift Shop,” and at another, “we just went in and robbed the place.” When his companion emerged, they divided the money. In Henderson the Supreme Court pointed out that the United States District Court found from the evidence presented on Henderson’s petition for writ of habeas corpus that he “was not advised by counsel or court, at any time, that an intent to cause death or a design to effect the death of the victim was an essential element of Murder 2nd Degree.” The Supreme Court in reaching its conclusion that Henderson did not receive adequate notice of the offense to which he pled guilty and that therefore his plea was involuntary stated as follows:
“Normally the record contains either an explanation of the charge by the trial *552 judge, or at least a representation by defense counsel that the nature of the offense has been explained to the accused. Moreover, even without such an express representation, it may be appropriate to presume that in most cases defense counsel routinely explain the nature of the offense in sufficient detail to give the accused notice of what he is being asked to admit. This case is unique because the trial judge found as a fact that the element of intent was not explained to respondent . . .”
Unlike Henderson, in the case sub judice the trial court, after hearing the factual basis, asked appellant: “Have you discussed the case fully with our lawyer Mr. Williams, including any defenses that might be available to you?” To which appellant answered, “Yes, sir.” The court then asked, “Are you satisfied with the advice and representation you have received from Mr. Williams?” To which appellant answered, “Yes, sir.” Under these circumstances, the factual basis for appellant’s guilty plea was adequately established.
AFFIRMED.
RAWLS, Acting C. J., and SMITH, J., concur.